IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDMOND SHACKLEFORD "FORD" ROCHELLE PLAINTIFF

v. Case No. 4:20-cv-4043

DAVID ULRICH; and PRO TRUCKING, INC. DEFENDANTS

**ORDER**

Before the Court is Defendants David Ulrich and Pro Trucking Inc.'s Motion in Limine to Exclude Animation Videos and Supplemental Report of Plaintiff's Expert Stan Andrews. ECF No. 38. Plaintiff Edmond Rochelle responded. ECF No. 44. The matter is ripe for consideration.

**I. BACKGROUND**

This case arises out of a motor vehicle accident that occurred on October 24, 2019. Plaintiff alleges that he was transporting a John Deere tractor to his farm via the shoulder area of Interstate 49 in Miller County, Arkansas, when he was rear-ended by a tractor-trailer driven by Defendant Ulrich, who was operating the vehicle within the course and scope of his employment with Defendant Pro Trucking, Inc. Plaintiff alleges that his tractor was damaged and that he suffered various injuries from the crash. Defendants argue that Plaintiff's tractor was partially inside the right traffic lane when the collision occurred. By counterclaim, Defendants allege that Plaintiff was negligent in operating his tractor on Interstate 49. Defendant Ulrich seeks damages for personal injuries, and Defendant Pro Trucking seeks property damages related to its tractor-trailer.

As set by the Court, the deadline for disclosing expert witnesses was January 17, 2022. The deadline for disclosing rebuttal expert witness was March 3, 2022. The parties agreed to extend the expert disclosure deadline to January 31, 2022, and Defendants disclosed their accident

reconstructionist's report on this day. Plaintiff, on the other hand, requested an additional extension until February 7, 2022, to provide his export report. Defendants agreed to the extension. On February 7, 2022, Plaintiff requested an additional extension through February 11, 2022, to provide his export report. Again, Defendants agreed. Unbeknownst to Defendants, Plaintiff did not retain his expert until February 7, 2022. On February 11, 2022, Plaintiff served Defendants with the report of his expert, Stan Andrews. Prior to issuing his initial expert report, Andrews did not visit the scene or inspect either vehicle involved in the collision. On April 19, 2022, Andrews visited the scene of the accident, conducted a survey, and took measurements, scans, and photographs, which he used to create four video animations[1] purporting to demonstrate the pre-impact motion of the vehicles. On May 17, 2022, over three months after the agreed upon expert disclosure deadline, Plaintiff provided Defendants with a second report, titled "Supplemental Report," along with the video animations. The deadline for conducting discovery expired on May 17, 2022, and on May 23, 2022, Defendants deposed Andrews.

Defendants seek to limit Andrews's expert testimony at trial by asking the Court to exclude Andrews's use of his video animations and second expert report. Defendants present three arguments as to why Andrews's digital animations and his second report should be excluded from the evidence presented at trial: (1) the animations are not admissible under Federal Rule of Evidence 702; (2) the animations are not admissible under Federal Rule of Evidence 403; and (3) the animations and second report were untimely disclosed to Defendants. First, the Court will address the argument regarding the timeliness of the disclosure. Then, if necessary, the Court will

[1] Andrews explained during his deposition that he prefers to call these depictions "videos" and not "animations," because the term "animation" implies that one can manipulate the images using an animation program; whereas the program Andrews used to create the depictions is geared towards modeling and accident reconstruction. For consistency purposes, the Court will refer to the depictions as "animations" because that is the term contained in the title of the instant motion.

address the two remaining arguments.

## II. DISCUSSION

Federal Rule of Civil Procedure Rule 26(a)(2) provides that a party must disclose the identity of any expert witness along with a written report of such expert, while Rule 26(e) obligates the parties to supplement incorrect or incomplete information.[2] *Petrone v. Werner Enters., Inc.*, 940 F.3d 425, 434 (8th Cir. 2019). Rule 26(e) permits supplemental reports only for the narrow purposes of correcting inaccuracies or adding information that was not available at the time of the initial report. Andrews's supplemental report was not offered for either of these purposes. In fact, Plaintiff argues that Rule 26(e) does not apply here. ECF No. 44, p. 8. The Court agrees with Plaintiff. Rule 26(e) is inapplicable because Andrews's second report does not qualify as a proper supplemental report under Rule 26(e). Although the second report adds information, Plaintiff does not argue that this information was unavailable to Andrews at the time he prepared his initial report. Rule 26(e) does impose a duty to supplement incorrect or incomplete information, but it does not provide an extension of the expert disclosure deadline so that a party has time to improve upon or enhance its initial expert report. Accordingly, the Court finds that Andrews's second report is untimely because it was produced after Plaintiff's February 11, 2022 deadline for expert disclosures.

Untimely disclosure of an expert opinion triggers Rule 37(c)(1) sanctions, including the exclusion at trial of testimony on undisclosed opinions, unless "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court should consider four factors in determining whether exclusion is the proper sanction for untimely expert testimony: (1) the reason

---

[2] Rule 26(a)(2)(D) incorporates the expert disclosure deadline of a court's scheduling order.

for noncompliance; (2) the surprise and prejudice to the opposing party; (3) the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial; and (4) the importance of the information or testimony. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

Plaintiff gives no reason for the late disclosure of Andrews's second report and video animations. Andrews did not visit the scene of the accident until April 19, 2022, approximately two months after the expert disclosure deadline had passed. During this visit, he gathered more information, and used this information to prepare the video animations he included with his second report, which was not disclosed until May 17, 2022. Plaintiff offers no explanation as to why Andrews could not have gathered this information and prepared the video animations before the agreed upon February 11, 2022 expert disclosure deadline.

Defendants argue that allowing the second report and animations would prejudice them because they are without an opportunity to rebut the information contained in the video animations and supplemental report. Defendants disagree with the way Andrews positioned the vehicles in the video animations. While Plaintiff testified that he was driving the tractor completely on the shoulder of the interstate at the time of impact, the animations show the tractor driving with its right tire just over the fog line with most of the tractor positioned in the right lane. Andrews's initial expert report did not contain the video animations, and the Court assumes that this positioning of the tractor was not discussed in the initial report.[3] Rebuttal expert deadlines were due on March 3, 2022, more than two months before the production of Andrews's second report. Moreover, Plaintiff produced Andrews's second report on the day the discovery period ended.

---

[3] Neither party has provided the Court with a copy of Andrews's initial expert report.

Thus, the Court agrees with Defendants that they would be prejudiced if the second report and video animations were allowed into evidence, because Defendants had no opportunity to rebut the information contained in the report before the close of discovery.[4]

If the Court were to give Defendants time to prepare rebuttal disclosures, a continuance of the trial would be necessary. The trial is scheduled to begin on August 15, 2022, less than one week from today, and the case has been pending for more than two years. Any continuance would mean this case would remain pending for several more months and would likely not be tried until early 2023 due to the Court's schedule. Thus, the Court finds that the order and efficiency of this trial would be impacted if the Court were to select a lesser sanction, such as allowing time for Defendants to prepare rebuttal disclosures.

The Court looks now to the importance of the information being excluded. The animations and the second report are not crucial to the presentation of Plaintiff's case. Andrews is permitted to testify as to the opinions included in his initial report, which Plaintiff asserts are the same opinions included in the second report. Andrews may still testify about his opinions, but he will not be able to use the video animations he prepared to further illustrate these opinions. Thus, the Court concludes that the second report and animations are not so important that this factor should weigh in favor of including them at trial.

Accordingly, the Court finds that Plaintiff's failure to timely disclose Andrews's second report and accompanying video animations was not substantially justified or harmless. Thus, Andrews is prohibited from using the untimely video animations and second expert report at trial.[5]

---

[4] The Court notes that Defendants were able to depose Andrews on May 23, 2022, but this deposition was conducted after the close of discovery and only one week after the disclosure of Andrews's second report and video animations.

[5] Because the Court finds that Andrews's second report and accompanying video animations are excluded based on their untimely disclosure, the Court will not address Defendants' remaining arguments as to why exclusion is proper.

## III. CONCLUSION

For the above-stated reasons, Defendants' Motion in Limine to Exclude Animation Videos and Supplemental Report of Plaintiff's Expert Stan Andrews (ECF No. 38) is **GRANTED**.

**IT IS SO ORDERED**, this 11th day of August, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge