IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDMOND SHACKLEFORD "FORD"
ROCHELLE                                                                                         PLAINTIFF

v.                                         Case No. 4:20-cv-4043

DAVID ULRICH and
PRO TRUCKING, INC.                                                                          DEFENDANTS

## ORDER

Before the Court is Defendants' Omnibus Motion in Limine.  ECF No. 41.  Plaintiff opposes the motion.  ECF No. 47.  Defendants have filed a reply.  ECF No. 48.  The Court finds the motion ripe for consideration.

This case arises out of a motor vehicle accident that occurred on October 24, 2019.  Plaintiff alleges that he was transporting a John Deere tractor to his farm via the shoulder area of Interstate 49 in Miller County, Arkansas, when he was rear-ended by a tractor-trailer driven by Defendant Ulrich, who was operating the vehicle within the course and scope of his employment with Defendant Pro Trucking, Inc.  Plaintiff alleges that his tractor was damaged and that he suffered various injuries from the crash.  Defendants argue that Plaintiff's tractor was partially inside the right traffic lane when the collision occurred.   By counterclaim, Defendants allege that Plaintiff was negligent in operating his tractor on Interstate 49.  Defendant Ulrich seeks damages for personal injuries, and Defendant Pro Trucking seeks property damages related to its tractor-trailer.

Defendants have filed an Omnibus Motion in Limine asking the Court to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case.  The motion is decided as follows:

1. Defendants move the Court to prohibit any reference at trial to Defendant Pro Trucking,

Inc.'s ability or decisions not to install various collision mitigation systems in its vehicles because these issues are irrelevant, substantially more prejudicial than probative, and might confuse the issues in the case. Plaintiff responds that evidence regarding "a lack of collision mitigation systems" is probative of whether the "systems could have prevented the accident in question, especially when Defendant Ulrich was distracted at the time of the collision." ECF No. 47, pp. 2-3.

Plaintiff has not pled a claim for direct negligence against Defendant Pro Trucking, Inc. The only claim against Pro Trucking, Inc. is based in *respondeat superior* for the actions of Defendant David Ulrich. Thus, any inquiry into Pro Trucking, Inc.'s decision not to equip its vehicles with any collision mitigation systems is not relevant to Plaintiff's negligence claim, which is based on the actions of Ulrich. Further, Plaintiff has not indicated that they intend to produce any admissible evidence that a collision mitigation system would have prevented the accident at issue. Moreover, any inquiry into Pro Trucking, Inc.'s ability or decisions not to install various collision mitigation systems in its vehicles would confuse the issues in this case. For these reasons, Defendants' motion as it relates to this request is **GRANTED**. Plaintiff is prohibited from making any reference at trial to Defendant Pro Trucking, Inc.'s ability or decisions not to install various collision mitigation systems in its vehicles.

2. Defendants ask the Court to preclude from trial any golden rule arguments and questions. "A so-called 'golden rule' argument which asks the jurors to place themselves in the position of a party is universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Palma*, 473 F.3d 899, 902 (8th Cir. 2007) (quoting *Lovett ex rel. Lovett v. Union Pac. R.R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000)) (internal citations and quotations

omitted). Plaintiff agrees that any golden rule arguments should be precluded. Accordingly, the Court will not permit golden rule arguments or question, and Defendants' motion is **GRANTED** as to this request.

3. Defendants ask the Court to prohibit any attempts by Plaintiff to "solicit Pro Trucking's opinions or inferences as to fault or causation." ECF No. 42, p. 5. They assert that such opinions of lay witnesses employed by Pro Trucking, Inc., who did not witness the collision at issue, are not allowed under Federal Rule of Evidence 701. In short, Defendants are asking the Court to prevent expert testimony by Pro Trucking Inc.'s employees as to causation. Plaintiff argues that lay witnesses employed by Pro Trucking should be allowed to testify as to their opinions as it relates to causation of the accident when these opinions are based on their "perceptions" because this testimony is relevant and substantially probative. ECF No. 47, p. 4.

Federal Rule of Evidence 701 allows a lay witness to provide opinion testimony: (1) when it is rationally based on the witness's perception; and (2) would help the factfinder to clearly understand the witness's testimony or determine a fact at issue. The Rule precludes a lay witness from offering expert testimony—testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701.

Other than identifying the topic of causation, Defendants have not specifically identified the lay opinions that they intend for the Court to preclude. Before hearing the evidence actually at issue, the Court cannot rule on the specific issues. Generally, the Court will not permit any lay witness to stray into opinions based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Further, the Court notes that any opinions from lay witnesses must be based on their personal knowledge or perceptions based on experience. *Am. Bank of St. Paul v. T.D. Bank, N.A.*, 713 F.3d 455, 465 (8th Cir. 2013) (noting that personal

knowledge or perceptions based on experience is a sufficient foundation for opinion testimony of a lay witness). Accordingly, Defendants' motion regarding opinion testimony by lay witnesses is **DENIED WITHOUT PREJUDICE**, so that specific challenges to testimony and any lay opinions of Pro Trucking Inc.'s employees will have to be raised at trial.

4. Defendants ask the Court to preclude any mention or inference that Defendants are covered by some form of liability insurance with respect to the accident at issue. Plaintiff does not object to this request. Thus, Defendants' motion as it relates to this request is **GRANTED**.

5. Defendants ask the Court to preclude any mention or reference to Defendants' financial status or net worth. Plaintiff does not object to this request. Thus, Defendants' motion as it relates to this request is **GRANTED**.

6. Defendants ask the Court to exclude evidence of Defendant David Ulrich's prior DWI charge, prior accidents, and travel violations.

First, Defendants ask the Court to exclude evidence of Ulrich's prior DWI conviction. Ulrich testified that in 1987, he was charged with a DWI and had his license suspended for ninety (90) days. Defendants argue that this evidence is irrelevant and substantially more prejudicial than probative, noting that the DWI charge happened over thirty years ago and there is no allegation that alcohol was involved in the collision at issue. Plaintiff argues that Ulrich's DWI charge is "highly probative to . . . Pro Trucking's duty to hire safe and competent drivers and thus, should not be excluded." ECF No. 47, p. 5. The Court notes that Plaintiff has not pled a cause of action against Pro Trucking, Inc. for negligent hiring of Ulrich. The claim against Pro Trucking, Inc. is based in *respondeat superior* for the actions of Defendant David Ulrich. Thus, the Court finds that evidence of Ulrich's DWI charge over thirty years ago is not relevant to the negligence claim in this case. Further, evidence of the DWI charge is substantially more prejudicial than probative.

4

Accordingly, Defendants' motion as it relates to the DWI charge is **GRANTED**. Plaintiff is precluded from presenting evidence or eliciting testimony regarding Plaintiff's 1987 DWI charge.

Second, Defendants ask the Court to exclude evidence of Ulrich's prior accidents. In 2017, Ulrich struck a deer while driving commercially. Ulrich was in another motor vehicle accident when he was sixteen-years old. Evidence of prior accidents may be relevant to demonstrate causation, but the accidents must be "sufficiently similar in time, place or circumstances to be probative." *Thomas v. Chrysler Corp.*, 717 F.2d 1223, 1225 (8th Cir. 1983) (quoting *Hampton v. Kroger Co.*, 618 F.2d 498, 499 (8th Cir. 1980)). It does not appear that Plaintiff objects to Defendants' request that evidence of these two accidents be excluded, as Plaintiff does not present any argument opposing the exclusion of this evidence. These prior accidents are not relevant because they are not similar in time, place, or circumstance to the accident at issue in this case. Accordingly, Defendants' request as it relates to these two accidents is **GRANTED**.

Third, Defendants ask the Court to prohibit Plaintiff from mentioning any prior moving violations in which Ulrich has been involved. Defendants argue that this evidence is substantially more prejudicial than probative and irrelevant to the issues in the present case because Ulrich was not cited with a moving violation in connection with the accident at issue. Plaintiff argues that two previous traffic violations committed by Ulrich are relevant and should not be excluded from evidence: (1) a 2018 speeding violation for driving 6-10 miles over the speed limit; and (2) a 2019 violation for improper lane change. Plaintiff asserts that the 2018 speeding violation and 2019 improper lane change violation are close in time and similar to the accident at issue. However, the Court notes that neither of these traffic violations were related to an accident. Although Ulrich testified that he usually drives two miles over the speed limit, there appears to be no evidence that speeding was a factor in the accident at issue. Likewise, there is no evidence that improper lane

change was a factor in the accident at issue. Thus, the Court finds that evidence of the 2018 and 2019 traffic violations are not relevant to the accident at issue involving a tractor trailer driving approximately 65 mph and a slow-moving tractor. Accordingly, the Court finds that Defendants' motion as it relates to the 2018 and 2019 traffic violations is **GRANTED**, and Plaintiff is prohibited from introducing evidence or eliciting testimony regarding these violations.

For the reasons stated above, Defendants' Omnibus Motion in Limine (ECF No. 41) is hereby **GRANTED IN PART and DENIED IN PART**.

**IT IS SO ORDERED**, this 12th day of August, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge