IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDMOND SHACKLEFORD "FORD"
ROCHELLE                                                                                          PLAINTIFF

v.                                         Case No. 4:20-cv-4043

DAVID ULRICH and
PRO TRUCKING, INC.                                                                           DEFENDANTS

# ORDER

Before the Court is Plaintiff's Omnibus Motion in Limine. ECF No. 45. Defendants oppose the motion. ECF No. 49. Plaintiff has filed a reply. ECF No. 50. The Court finds the motion ripe for consideration.

This case arises out of a motor vehicle accident that occurred on October 24, 2019. Plaintiff alleges that he was transporting a John Deere tractor to his farm via the shoulder area of Interstate 49 in Miller County, Arkansas, when he was rear-ended by a tractor-trailer driven by Defendant Ulrich, who was operating the vehicle within the course and scope of his employment with Defendant Pro Trucking, Inc. Plaintiff alleges that his tractor was damaged and that he suffered various injuries from the crash. Defendants argue that Plaintiff's tractor was partially inside the right traffic lane when the collision occurred. By counterclaim, Defendants allege that Plaintiff was negligent in operating his tractor on Interstate 49. Defendant Ulrich seeks damages for personal injuries, and Defendant Pro Trucking seeks property damages related to its tractor-trailer.

Plaintiff has filed an Omnibus Motion in Limine asking the Court to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues in this case. The motion is decided as follows:

1. Plaintiff asks the Court to exclude evidence regarding his reckless driving ticket that he

received on the day of the accident at issue.  Plaintiff argues that evidence of the reckless driving ticket is irrelevant and substantially more prejudicial than probative, as the ticket was later reduced to a civil penalty.  Defendants agree to refrain from mentioned Plaintiff's reckless driving citation unless Plaintiff "opens the door."  Thus, Plaintiff's request as it relates to the reckless driving ticket is **GRANTED**.

2.  Plaintiff asks the Court to exclude "any mention, questioning, or reference that Plaintiff was not allowed to be on I-49 in a John Deere tractor."  ECF No. 46, p. 2.  Plaintiff argues that the tractor at issue complied the width and weight requirements for driving on Arkansas highways. *See* Ark. Code Ann. § 27-35-206 (width of vehicles); Ark. Code. Ann. § 27-35-203 (weight limits).

Defendants note that Plaintiff testified in his deposition that "the law says you can't drive [a tractor] on the interstate, but any other road the vehicle has the right-of-way, the farm vehicle." ECF No. 49-1, p. 4.  Defendants argue that Plaintiff was in violation of Ark. Code Ann. § 27-51-208 when he drove the tractor on the interstate.  This statute prohibits a person from driving a motor vehicle "at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with the law."  Ark. Code Ann. § 27-51-208(a).  Defendants also cite to an Arkansas statute requiring a special cargo permit to operate a vehicle on Arkansas highways that exceeds the maximum size and weight requirements.  Ark. Code Ann. § 27-35-210.  However, the statute defines specific circumstances where tractors and other heavy equipment exceeding the maximum allowable width are not required to have the permit to operate on Arkansas highways, but the statute designates that vehicles traveling under these circumstances cannot travel on the interstate.  Ark. Code Ann. § 27-35-210(a)(2)(A)(iv). Defendants conclude that "the legislature has made clear that farm equipment does not belong on the interstate, and they will not allow farm equipment, permit or no permit, to

operate on the federal interstate.

The Court is not convinced this issue is as clear as Defendant states. None of the statutes cited by Defendants expressly prohibit tractors, which do not exceed the maximum width and weight requirements, from operating on an interstate. Further, Plaintiff's testimony in his deposition that driving a tractor on an interstate is against the law cannot be relied upon to support Defendants' argument that Arkansas law prohibits tractors from driving on the interstate. Until Defendants can support their argument that driving the particular tractor at issue on an interstate is prohibited by Arkansas or federal law, Defendants may not make this argument or elicit testimony regarding this argument. Plaintiff asks the Court to preclude Defendants from referencing the broader argument that Plaintiff should not have been traveling on I-49 in a tractor. The Court finds that this request is too broad. However, until Defendants can properly support their argument that driving the tractor at issue is against Arkansas or federal law, the Court will preclude Defendants from arguing or eliciting testimony in support of this argument. Accordingly, Plaintiff's motion regarding this request is **GRANTED IN PART and DENIED IN PART**. This ruling applies only to this motion in limine and is not intended to rule on any request or motion regarding jury instructions.

3. Plaintiff asks the Court to exclude evidence of Plaintiff's "unrelated litigation." ECF No. 46, p. 3. Plaintiff refers to this "unrelated litigation" as prior litigation involving an insurance dispute and a lawsuit against Plaintiff involving the Packers and Stockyard Act. Defendants agree not to mention litigation regarding insurance. However, Defendant contends that it should be allowed to mention litigations involving the United States Department of Agriculture ("USDA") and the Packers and Stockyard Act. Accordingly, Plaintiff's request involving the insurance dispute is **GRANTED**. The Court will address the litigation involving the USDA and the Packers

and Stockyard Act below.

4. Plaintiff asks the Court to preclude Defendants from eliciting "testimony regarding Plaintiff and the Department of Agriculture." ECF No. 46, p. 4. The USDA brought a federal lawsuit against Plaintiff for, among other things, issuing hot checks in the amount of $83,313 for the purchase of cattle. ECF NO. 49-2. This lawsuit involved a violation of the Packers and Stockyards Act. A consent decree was issued in 2018 in which Plaintiff agreed to immediately cease and desist from failing to pay the full purchase price for livestock purchases and issuing hot checks in the purchase of livestock. ECF No. 49-3. Plaintiff's registration as a livestock purchaser was suspended for five years. The USDA filed a second lawsuit against Plaintiff in 2020 for failure to comply with prior orders. ECF No. 49-4. Defendants argue that Plaintiff has a history of writing hot checks, and they should be allowed to discuss each example of such, including the lawsuit with the USDA, because his history of writing hot checks bears on his credibility.

Plaintiff asks that Defendants be precluded from referencing the USDA litigation under Federal Rules of Evidence 401 and 403, arguing that this evidence related to the USDA litigation is not relevant, would confuse the issues, and mislead the jury. Rule 608(a) provides that a witness may be cross-examined about specific instances of his conduct that did not result in a conviction but that bear on his truthful or untruthful nature. Fed. R. Evid. 608(b). The rule, however, does not allow extrinsic proof of such acts. *Id.* The Court finds that the specific instance of Plaintiff writing hot checks for livestock is relevant and bears on his credibility. Although this evidence is prejudicial, the Court does not find that its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. The Court also notes that this conduct occurred recently, in 2018 and 2020. Accordingly, the Court will not preclude Defendants from eliciting testimony regarding Plaintiff and the Department of Agriculture. Plaintiff's request

as to this issue is **DENIED**.

5. Plaintiff asks the Court to preclude Defendants from introducing evidence that relates to Plaintiff's prior traffic accidents and traffic violations. Defendants agree not to reference Plaintiff's prior traffic accidents or traffic violations unless Plaintiff "opens the door." Thus, Plaintiff's request as it relates to Plaintiff's prior traffic accidents and traffic violations is **GRANTED**.

6. Plaintiff asks the Court to preclude Defendants from introducing evidence of Plaintiff's prior arrests and convictions. Plaintiff was convicted in 2015 for writing and passing a hot check in violation of Ark. Code Ann. §5-37-302. Plaintiff has also been arrested in 2011 for theft of property by hot check, in 2018 for failure to have health paperwork for cattle, and in 2019 for destruction of landscape in 2019. Plaintiff argues that evidence of these arrests and convictions are not relevant and substantially prejudicial. Defendants argue that they should be allowed to use evidence of the 2015 conviction and 2011 arrest to impeach Plaintiff under Federal Rule of Evidence Rule 609.

Rule 609 governs impeachment by proof of a witness's criminal convictions. Fed. R. Evid. 609. This evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement. Fed. R. Evid. 609(b). Plaintiff was convicted in 2015 for writing hot checks. However, he pled guilty under the Arkansas First Offender Act, which is not considered a felony conviction under Arkansas law, except for impeachment purposes under Arkansas Rule of Evidence 609. Ark. Code Ann. § 16-93-303(d)(5). The Court finds that a conviction for writing hot checks is a crime that involves dishonesty or false statement. Even though the Court is not bound by the Arkansas Rules of Evidence, the Court finds persuasive the Arkansas law allowing a conviction

under the Arkansas First Offender Act to be considered for impeachment purposes under the Arkansas Rules of Evidence. Further, the Court finds that the probative value of evidence of Plaintiff's hot check conviction is not substantially outweighed by unfair prejudice, misleading the jury, or confusing the issues  Plaintiff's request as it relates his 2015 conviction is **DENIED**. However, Plaintiff's request as it relates to his prior arrests is **GRANTED**.

7. Plaintiff asks the Court to preclude Defendants from referencing or eliciting testimony regarding Plaintiff's liability insurance. Defendants agree not to mention Plaintiff's liability insurance. Thus, Plaintiff's request as it relates to liability insurance is **GRANTED**.

8. Plaintiff asks the Court to preclude Defendants from making any golden rule arguments. Defendants state that they do not intend to make such arguments. In fact, the Court has already granted Defendants' motion requesting the same. Thus, Plaintiff's request as it relates to golden rule arguments is **GRANTED**.

For the reasons stated above, Plaintiff's Omnibus Motion in Limine (ECF No. 45) is hereby **GRANTED IN PART and DENIED IN PART**.

**IT IS SO ORDERED**, this 12th day of August, 2022.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge